UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
    v.                              )   Cr. No. 14-049 S
                                    )
TYRONNE SEAMS,                      )
                                    )
        Defendant.                  )
_____ )

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is Defendant Tyronne Seams's Motion to Vacate or Correct Sentence Pursuant to 28 U.S.C. § 2255 (18 U.S.C. § 924(c)) ("Motion to Vacate").[1]  For the reasons set forth below, the Motion to Vacate is DENIED.

I.  Background

On April 8, 2014, a grand jury indicted Defendant Seams. The three-count Indictment charged Defendant and a co-defendant with conspiracy to commit Hobbs Act robbery; Hobbs Act robbery; and the use and discharge of firearms in furtherance of crimes of violence.[2]  Defendant pleaded guilty to all three counts on March 24, 2015.[3]  On June 12, 2015, the Court sentenced Defendant to 161 months:  41 months as to Counts I and II, to run

---

[1] ECF No. 72.

[2] Indictment, ECF No. 12.

[3] Minute Entry dated 3/24/2015.

concurrently with each other; and 120 months as to Count III, to run consecutive to Counts I and II.[4]  The Court sentenced Defendant to the 120-month consecutive term based on his guilty plea to Count III of the Indictment for using, carrying, brandishing, and discharging two firearms in connection with a crime of violence (namely, Hobbs Act robbery and/or conspiracy to commit Hobbs Act robbery).[5]

On June 24, 2016, Defendant filed the instant Motion to Vacate, arguing that, in light of the Supreme Court's decision in Johnson v. United States (Johnson II), 135 S. Ct. 2551 (2015), he was unlawfully sentenced under the residual clause of 18 U.S.C. § 924(c)(3)(B), which is substantially similar to the Armed Career Criminal Act's ("ACCA") residual clause.[6]  ACCA's residual clause was struck down as unconstitutionally vague in Johnson II.  In Welch v. United States, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held that Johnson II announced a substantive rule and therefore had retroactive effect.

---

[4] Minute Entry dated 6/12/2015.

[5] See Judgment 2, ECF No. 60.

[6] See generally Def.'s Mot. to Vacate.  Before Johnson v. United States ("Johnson I"), 559 U.S. 133 (2010), and Johnson II, it was well settled in the First Circuit that Hobbs Act robbery was a crime of violence under § 924(c).  See, e.g., United States v. Morales-Machuca, 546 F.3d 13, 18, 21-22 (1st Cir. 2008).

2

II.  Analysis

   A. 18 U.S.C. § 924(c) and Hobbs Act Robbery

   The relevant part of 18 U.S.C. § 924(c) provides that:

   any person who, during and in relation to any <u>crime of violence</u> . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . [be sentenced to a term of imprisonment].[7]

Under 18 U.S.C. § 924(c)(3), "crime of violence" is defined as:

   [A]n offense that is a felony and—

   (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

   (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[8]

The Court refers to § 924(c)(3)(A) as the "force clause" and § 924(c)(3)(B) as the "residual clause."[9]

   The "crime of violence" for which Defendant was indicted and convicted is Hobbs Act robbery, in violation of 18 U.S.C. § 1951.  Section 1951(a) penalizes any person who "in any way or degree obstructs, delays, or affects commerce . . . by robbery

---

   [7] 18 U.S.C. § 924(c)(1)(A) (emphasis added).

   [8] 18 U.S.C. § 924(c)(3).

   [9] Some courts refer to § 924(c)(3)(B) as the "risk-of-force" clause.  <u>See, e.g.</u>, <u>United States v. Hill</u>, 832 F.3d 135, 138 & n.4 (2d Cir. 2016).

3

or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section."[10] Section 1951(b) defines robbery, in pertinent part, as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property."[11]

Defendant contends that the Supreme Court's holding in Johnson II, that ACCA's residual clause is unconstitutionally vague, should be extended to § 924(c)(3)'s residual clause because they are "substantially similar."[12] Defendant further argues that, in the absence of § 924(c)(3)'s residual clause, Hobbs Act robbery and conspiracy to commit Hobbs Act robbery do not qualify as crimes of violence under § 924(c)(3)'s force clause.[13] The Government, in rejoinder, argues that (1) Hobbs Act robbery squarely rests within the force clause of 924(c); (2) even if Hobbs Act robbery does not fall within the force

---

[10] Because the Court concludes that Hobbs Act robbery falls within § 924(c)'s force clause, the Court does not reach Defendant's other crimes of conviction.

[11] 18 U.S.C. § 1951(b)(1).

[12] Def.'s Mot. to Vacate 4-12.

[13] Id. at 14-21.

4

clause, it satisfies the residual clause, which is not void for vagueness; and (3) the claim is procedurally barred.[14]

To determine whether Hobbs Act robbery is a crime of violence within the meaning of § 924(c), the Court employs the categorical approach.[15] In doing so, the Court may "look only to the fact of conviction and the statutory definition of the prior offense . . . ."[16] To satisfy the force clause under the categorical approach, "the use, attempted use, or threatened use of physical force against the person or property of another" must be an element of the offense of conviction.[17] If a conviction for the offense can be satisfied without proof of attempted, threatened, or actual use of violent force, then the conviction does not qualify as a crime of violence, even if the defendant in fact used, attempted to use, or threatened to use violent force in the commission of the crime.[18] Put differently, a court looks not to the facts underlying the actual conduct for which a defendant was convicted, but rather to the elements of

---

[14] Gov't Resp. in Opp'n 2.

[15] The Government notes that it assumes, arguendo, in Defendant's favor, that the categorical approach applies to this question. See Gov't Resp. in Opp'n 2 n.1 (citing United States v. Taylor, 848 F.3d 476, 491 (1st Cir. 2017)).

[16] Taylor v. United States, 495 U.S. 575, 602 (1990).

[17] 18 U.S.C. § 924(c)(3)(A); see Descamps v. United States, 133 S. Ct. 2276, 2293 (2013).

[18] See Descamps, 133 S. Ct. at 2293.

that offense.[19] The parties appear to agree that the Hobbs Act, 18 U.S.C. § 1951, is divisible, but that Hobbs Act robbery, under 18 U.S.C. § 1951(b), is an indivisible offense that contains alternate factual means by which a defendant may satisfy a single element.[20] Accordingly, applying the categorical approach, the Court considers "the minimum conduct necessary for a conviction of the predicate offense (in this case, a Hobbs Act robbery" under 18 U.S.C. § 1951(b)(1)), and then considers "whether such conduct amounts to a crime of violence under § 924(c)(3)(A)."[21]

Hobbs Act robbery is a crime of violence under § 924(c)(3)(A) if the offense "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[22] The Supreme Court has defined "physical force" in a similarly-worded statute as "violent force

---

[19] Mathis v. United States, 136 S. Ct. 2243, 2252 (2016).

[20] See Gov't Opp'n 4; Def.'s Mot. to Vacate 14 (quoting First Circuit Pattern Jury Instructions (Criminal) 70.3 (2010) (describing the taking of "property against the victim's will, by using actual or threatened force, or violence, or causing the victim to fear harm, either immediately or in the future" as a single offense)); see also Hill, 832 F.3d at 139 n.5 (following this same approach).

[21] Hill, 832 F.3d at 139.

[22] 18 U.S.C. § 924(c).

6

– that is, force capable of causing physical pain or injury to another person."[23]

Defendant asserts that a defendant can commit Hobbs Act robbery by an act or threat of violence, or by fear of injury to person or property. He argues that fear, or "intimidation," "does not equate to the use or threat of violent force" and that Hobbs Act robbery can be accomplished without the use of violent force or with force only against a person's property.[24] In support of these arguments, Defendant highlights cases in which a defendant passes a note to a bank teller to effectuate a robbery. However, as stated well by this Court, these examples "contain implicit threats of force — i.e., give the robber the money or she will employ force."[25] In other words, it is plain that the "fear of injury" language does not cover non-force-related forms of injury to persons or property.[26]

---

[23] Johnson I, 559 U.S. at 140. The Government does not argue that the Supreme Court's characterization of "physical force," as it is used to define "violent felony" in § 924(e)(2)(B) should not be applied to the definition of § 924(c)'s crime of violence.

[24] Def.'s Mot. to Vacate 16 (citing Johnson I, 559 U.S. at 140).

[25] United States v. Rich, CR No. 11-0174-M, slip op. at 3 (D.R.I. Mar. 17, 2017) (McConnell, J.).

[26] See Hill, 832 F.3d at 140-44; see also id. at 142 ("Assuming arguendo Johnson I's relevance to the construction of § 924(c)(3), "physical force" as used in the provision at issue

7

The Court further finds persuasive the decisions of courts across the country concluding that Hobbs Act robbery is a crime of violence under § 924(c)'s force clause.[27] The Court concludes that Hobbs Act robbery is a crime of violence under § 924(c), and therefore it need not reach the issues of whether § 924(c)'s residual clause is unconstitutionally vague or whether conspiracy to commit Hobbs Act robbery is a crime of violence.

B. Procedural Default

Because Defendant's claim fails on the merits, the Court does not reach the Government's argument that Defendant's claim for relief is procedurally defaulted.

III. Conclusion

For the foregoing reasons, the Court DENIES Defendant's Motion to Vacate (ECF No. 72).

IT IS SO ORDERED.

/s/ W. Smith
William E. Smith
Chief Judge
Date: July 12, 2017

---

here means no more nor less than force capable of causing physical pain or injury to a person or injury to property.").

[27] See, e.g., United States v. Gooch, 850 F.3d 285, 291-92 (6th Cir. 2017); United States v. Rivera, 847 F.3d 847, 848-49 (7th Cir. 2017); United States v. Buck, 847 F.3d 267, 274-75 (5th Cir. 2017); United States v. Anglin, 846 F.3d 954, 964-65 (7th Cir. 2017); United States v. Howard, 650 F. App'x 466, 467-68 (9th Cir. 2016); In re Saint Fleur, 824 F.3d 1337, 1340-41 (11th Cir. 2016); Hill, 832 F.3d at 138-43.