```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
     v.                             )    Cr. No. 14-049 WES
                                    )
TYRONNE SEAMS,                      )
                                    )
          Defendant.                )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Before the Court is Defendant Tyronne Seams' Motion to Correct/Modify Sentence ("Motion"), ECF No. 92, pursuant to 18 U.S.C. § 3582(c). The Court has determined that no hearing is necessary. For the reasons that follow, the Motion is denied and dismissed.

I.  Background

On April 8, 2014, a grand jury indicted Seams and a co-defendant on charges of conspiracy to commit Hobbs Act robbery (Count 1); Hobbs Act robbery (Count 2); and the use and discharge of firearms in furtherance of crimes of violence (Count 3). Indictment 1-2, ECF No. 12. Defendant pled guilty to all three counts on March 24, 2015. Mar. 24, 2015, Change of Plea Hearing Tr. ("Plea Hrng. Tr.") 1, 15, ECF No. 85. The Court sentenced Defendant to 161 months imprisonment: 120 months as to Count 3, to run consecutive to Counts 1 and 2; and 41

months as to Counts 1 and 2, to run concurrently with each other. J. 3, ECF No. 60; June 12, 2015, Sentencing Hearing Tr. ("Sent. Hrng. Tr.") 34, ECF No. 69. The crimes of violence referenced in Count 3 of the Indictment were Hobbs Act robbery and/or conspiracy to commit Hobbs Act robbery. Indictment 1-2.

On June 24, 2016, Seams filed a Motion to Vacate or Correct Sentence Pursuant to 28 U.S.C. § 2255. First Mot. to Vacate, ECF No. 72. The Court denied the First Motion to Vacate in a Memorandum and Order dated July 12, 2017. July 12, 2017, Mem. & Order, ECF No. 78. The First Circuit subsequently affirmed this Court's denial. First. Cir. J., ECF No. 86.

Seams filed the instant Motion on June 14, 2022.

II. Analysis

    A. Section 3582(c)

As noted above, Seams titles his motion a Motion to Correct/Modify Sentence, brought pursuant to 18 U.S.C. § 3582(c). Section 3582 (c) provides in relevant part that:

> The court may not modify a term of imprisonment once it has been imposed except that--
>
>     . . .
>
> > (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set

2

> forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). Seams argues that "Hobbs Act robbery does not qualify as 'robbery' within the meaning of the new guideline definition of crimes of violence." Mot. 3. According to Seams, "a person may commit Hobbs Act robbery by threatening physical violence against any person or property," id. (citing 18 U.S.C. § 1951(b)(1)),[1] but "the guideline definition of robbery is narrower. . . . The broader definition of Hobbs Act robbery means that it does not count as robbery under guideline Amendment 798," id.

The problem with Seams' argument is that Amendment 798, which modified § 4B1.2(a)(1) of the United States Sentencing Guidelines, has not been made retroactively applicable by the Sentencing Commission. See U.S. Sent'g Guidelines Manual § 1B1.10(d) (listing covered amendments to be applied

---

[1] The Hobbs Act, 18 U.S.C. § 1951, defines "robbery" as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

3

retroactively). Therefore, a reduction in sentence pursuant to § 3582(c) based on Amendment 798 would not be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii); see generally U.S. Sent'g Guidelines Manual § 1B1.10.

Accordingly, to the extent Seams' Motion is based on § 3582(c), it is DENIED.

B. Section 2255

Seams argues that his § 924(c) conviction should be vacated and he should be resentenced without the 924(c) charge. Mot. 4. According to Seams:

> Because Count Two of the indictment [Hobbs Act robbery] was based on Count One of the indictment (as amended) [Hobbs Act conspiracy] and Count One (as amended) does not qualify as a "crime of violence" under either 924(c)(3)(A) or 924(c)(3)(B) in light of Borden and Davis[,] [his] conviction is unconstitutional, and must be vacated.

Id. at 1-2.[2] In addition, he argues that his attorneys' "failure

---

[2] Section 924(c)(3) defined a crime of violence as follows:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and--
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

4

to raise the issue of whether Hobbs Act robbery is categorically a crime of violence constitutes prejudicial ineffective assistance of counsel." Id. at 2.

Despite Seams' characterization of the Motion as brought under § 3582, it is clear to the Court that Seams is challenging the validity of his conviction and sentence. Accordingly, the Motion is properly considered a motion to vacate sentence pursuant to 28 U.S.C. § 2255.³ Consider the language Seams uses

---

18 U.S.C. § 924(c)(3). The Supreme Court struck down the latter clause, known as the residual clause, see United States v. Davis, 139 S. Ct. 2319, 2324 (2019), as unconstitutionally vague in Davis, see id. at 2336. The Davis Court followed its reasoning in Johnson v. United States, 576 U.S. 591 (2015) ("Johnson II") (holding that residual clause in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague), and Sessions v. Dimaya, 138 S. Ct. 1204, 1216 (2018) (reaching same conclusion regarding similarly worded residual clause in 18 U.S.C. § 16). Davis, 139 S. Ct. at 2325-26. Thus, for a crime to be considered a crime of violence, it must fall within the definition in the former clause, the "force" or "elements" clause. See 18 U.S.C. § 924(c)(3)(A); United States v. Tsarnaev, 968 F.3d 24, 99 (1st Cir. 2020) ("With Davis on the books, that leaves only one potential path for treating the predicates as crime-of-violence offenses: the elements clause . . . .").

Borden v. United States, 141 S. Ct. 1817 (2021), the other case Seams references, held that "[o]ffenses with a *mens rea* of recklessness do not qualify as violent felonies under the ACCA." Id. at 1834. Other than being a fairly recent case addressing violent felonies under the force, or elements, clause, it is unclear how Borden helps Seams' argument.

³ Section 2255(a) states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of

in the Motion: "The Judgement violates the Constitution or laws of the United States," Mot. 1; "The court lacked jurisdiction to enter judgement, or the sentence exceeded the maximum allowed by law," id.; "Seams['] conviction is unconstitutional, and must be vacated," id. 2; "Seams['] conviction under 18 USC 924(c) is unconstitutional," id. 4; "Alternatively, Seams['] trial counsel was ineffective, depriving Seams of his Sixth Amendment right to counsel and his Fifth Amendment right to due process," id.

"[I]t is the substance of the petition, rather than its form, that governs." Pierce v. Spencer, Civil Action No. 05-10292-RWZ, 2006 WL 2121912, at *1 (D. Mass. July 28, 2006) (quoting Cook v. N.Y. State Div. of Parole, 321 F.3d 274, 278 (2d Cir. 2003)); see also Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008) ("[A]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover.") (citation omitted); Wherry v. Grondolsky, Civil Action No. 10-40159-FDS, 2010 WL 4273807, at *2 (D. Mass. Oct. 28, 2010) (noting, in § 2255

---

the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

6

context, that petitioner's "claims of actual innocence . . . are in substance legal challenges to the rulings and procedures at trial. These are the types of claims properly brought under a § 2255 petition . . .") (footnote omitted).

Based on the foregoing, the Court construes the Motion as a motion to vacate under § 2255. As previously noted, however, Seams has already filed the First Motion to Vacate pursuant to § 2255. Treated as a § 2255 motion to vacate, therefore, the instant Motion is subject to the restrictions imposed under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Pub. Law No. 104-132, 110 Stat. 1214 (1996), on second or successive motions. See Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997) ("The new law imposes significant restrictions on second or successive habeas petitions brought on behalf of federal prisoners.").

"In AEDPA, Congress established a 'gatekeeping' mechanism for the consideration of 'second or successive habeas corpus applications' in the federal courts." Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998) (quoting Felker v. Turpin, 518 U.S. 651, 657 (1996)); see 28 U.S.C. § 2244(b)(3)(A). In pertinent part, § 2244 requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to

7

consider the application." 28 U.S.C. § 2244(b)(3)(A); see also Martinez-Villareal, 523 U.S. at 641; Pratt, 129 F.3d at 57. This provision "strip[s] the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward." Pratt, 129 F.3d at 57; see also Burton v. Stewart, 549 U.S. 147, 149 (2007)(per curiam) ("[P]etitioner—a state prisoner seeking postconviction relief from the federal courts—failed to comply with the gatekeeping requirements of 28 U.S.C. § 2244(b). That failure deprived the District Court of jurisdiction to hear his claims."); United States v. Barrett, 178 F.3d 34, 41 (1st Cir. 1999) ("From the district court's perspective, these pre-clearance provisions are an allocation of subject-matter jurisdiction to the court of appeals.") (internal quotation marks omitted). Section 2244(b)(3)(A) applies so long as the earlier petition was decided on the merits. See Pratt, 129 F.3d at 60.

The First Motion to Vacate was decided on the merits. There, Seams argued that, based on Johnson II, § 924(c) was also unconstitutionally vague. See July 12, 2017, Mem. & Order 4. The Court did not reach this issue because it found that Hobbs Act robbery was categorically a crime of violence under the force clause. Id. at 8; see also United States v. Garcia-Ortiz, 904 F.3d 102, 109 (1st Cir. 2018) (holding that Hobbs Act

8

robbery was categorically a crime of violence under § 924(c)(3)'s force clause). The First Circuit found this Court's denial "not erroneous." First Cir. J. 1.[4]

The record does not reflect, nor does Seams assert, that he has sought authorization from the First Circuit to file a second/successive § 2255 motion. Therefore, the Motion must be dismissed until such time as Seams obtains leave from the First Circuit to file it in this Court. See 28 U.S.C. § 2244(b)(3)(A); Pratt, 129 F.3d at 57; see also Burton, 549 U.S. at 157 ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

---

[4] The First Circuit further stated that: "To the extent petitioner requests denial of relief without prejudice in case the Supreme Court eventually deems the § 924(c)(3)(B) residual clause unconstitutionally vague, such a ruling would not be appropriate in light of the force-clause basis of this ruling." First Cir. J. 1.

9

III. Conclusion

To the extent Seams' Motion (ECF No. 92) is treated as a motion brought pursuant to § 3582(c), the Motion is DENIED.  To the extent it is properly considered a motion to vacate under § 2255, the Motion is DISMISSED without prejudice to being refiled if and when the First Circuit grants Seams permission to file it in this Court.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
U.S. District Judge
Date: July 29, 2022

10