```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
     v.                             )    Cr. No. 14-049 WES
                                    )
TYRONNE SEAMS,                      )
                                    )
          Defendant.                )
_____ )
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Before the Court is Defendant Tyronne Seams' Motion for Retroactive Application of Sentencing Guidelines under 18 U.S.C. § 3582(c) ("Motion"), ECF No. 95. The Court has determined that no hearing is necessary. For the reasons that follow, the Motion is denied.

I.   Background[1]

On June 14, 2022, Seams filed a similar motion to correct/modify sentence under § 3582, ECF No. 92, challenging his sentence under 18 U.S.C. § 924(c) for use and discharge of a firearm in furtherance of a crime of violence on a different basis. The crimes of violence on which the § 924(c) charge was based were Hobbs Act robbery and/or conspiracy to commit Hobbs Act robbery. Indictment 1-2, ECF No. 12. The Court found that

---

[1] A more complete description of the background and travel of Seams' case can be found in the Court's Memorandum and Order of July 29, 2022, ECF No. 94.

the earlier motion was, in fact, a second or successive motion to vacate sentence pursuant to 28 U.S.C. § 2255, which Seams had neither sought nor received leave from the First Circuit to file. July 29, 2022, Mem. & Order 9. Accordingly, the Court dismissed the prior motion without prejudice to being refiled if and when Seams received such permission. Id. at 9-10.

Seams also raised an argument based on Amendment 798 of the United States Sentencing Guidelines. Id. at 3. The Court denied relief on that basis. Id. at 4, 10.

Seams has now filed the instant Motion pursuant to 18 U.S.C. § 3582(c). In it, Seams again claims that his sentence should be modified, based on the Supreme Court's recent decision in United States v. Taylor, 142 S. Ct. 2015 (2022). Mot. 1-2.

II. Analysis

Seams argues that Taylor undermines this Court's July 29, 2022, decision. Id. at 2. According to Seams, in Taylor "[t]he Supreme Court held that Hobbs Act robbery is not a crime of violence, and cannot support a 924(c) conviction." Id. Seams misreads the Taylor holding.

In Taylor, the Supreme Court held that "attempted Hobbs Act robbery does not qualify as a crime of violence under the elements clause." 142 S. Ct. at 2021 (emphasis added).[2] The

---

[2] Section 924(c)(3) defines "crime of violence" under the "force" or "elements clause as an offense that is a felony and—

Supreme Court did not hold that Hobbs Act robbery itself failed to qualify as a crime of violence. Id. at 2020 ("Whatever one might say about completed Hobbs Act robbery, attempted Hobbs Act robbery does not satisfy the elements clause."). Seams was convicted of Hobbs Act robbery, not attempted Hobbs Act robbery. See J., ECF No. 60. And the First Circuit has squarely held that Hobbs Act robbery is a crime of violence. United States v. Garcia-Ortiz, 904 F.3d 102, 109 (1st Cir. 2018).

Accordingly, Seams' Motion must be denied.

III. Conclusion

Based on the foregoing, Seams' Motion for Retroactive Application of Sentencing Guidelines under 18 U.S.C. § 3582(c), ECF No. 95, is DENIED.

IT IS SO ORDERED.

/s/ W. Smith

William E. Smith
U.S. District Judge
Date: August 10, 2022

---

(A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]

18 U.S.C. § 924(c)(3); see also United States v. Taylor, 142 S. Ct. 2015, 2019 (2022).